### In The Matter of MUL CORPORATION, Debtor.

**Bankruptcy No. 2–82–00900.**

United States Bankruptcy Court, D. Connecticut.

May 6, 1986.

Martin W. Hoffman, Hartford, Conn., for trustee.

John Adams, Enfield, Conn., for Mercik, Viola and Company, creditor.

AMENDED MEMORANDUM OF DECISION ON TRUSTEE'S OBJECTION TO PROOF OF CLAIM BEING CONSIDERED AS TIMELY FILED

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

This proceeding raises the question of whether a bar date exists for the filing of a proof of claim by a party who became a creditor postpetition when, upon demand, it returned monies to a chapter 7 trustee. The trustee had asserted that the receipt of the monies prepetition by the party constituted a voidable preference. The issue procedurally arises from an objection by the trustee to the party's proof of claim as being timely filed. Neither the trustee nor the party introduced evidence during the hearing on the objection, and each referred the court to the case file for the following background.

### II.

Mul Corporation, the debtor in this case, filed a chapter 7 petition on September 20, 1982. The court appointed Martin W. Hoffman interim trustee of the estate; ordered that a meeting of creditors pursuant to § 341 of the Bankruptcy Code be held on October 4, 1982; and so notified creditors listed by the debtor. The court did not set a date for filing of claims as the debtor's schedules did not indicate any assets from which a dividend could be paid. On October 18, 1982, the court sent a notice to all listed creditors that sufficient funds to pay a dividend may exist, and that April 20, 1983 was the last day for filing claims in order to share in any distribution.

Mul, within ninety days prior to its petition, had paid Mercik, Viola and Company (Mercik), its accountants, the sum of $1,775.00 on account of an antecedent debt. By a letter to Mercik dated February 3, 1984, the trustee claimed that this payment constituted a voidable preference under § 547 of the Bankruptcy Code, and requested, pursuant to § 550, a return of these monies. Mercik returned the $1,775.00, by its check payable to the trustee, on February 25, 1984. Mul had not listed Mercik as a creditor when Mul filed its petition.

Mercik filed the proof of claim in question on August 9, 1984. Mercik alleged its claim became due on February 25, 1984, and attached to its proof of claim a copy of the trustee's February 3, 1984 demand letter and a copy of its February 25, 1984 cancelled check. In an accompanying letter, Mercik stated that it had remitted its check to the trustee "in good faith" and "assumed we would automatically be placed on the list of creditors. It was brought to our attention a short while ago that a proof of claim should be filed."

### III.

Section 502(h) of the Bankruptcy Code provides that "[a] claim arising from the recovery of property under section 522, 550, or 553 of this title shall be determined, and shall be allowed ... or disallowed ... the same as if such claim had arisen [prepetition]." Section 501(a) states: "A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest." The necessity, place and time for filing claims are governed by the Bankruptcy Rules. "The Rules of Bankruptcy Procedure will set the time limits, the form, and the procedure for filing, which will determine whether claims are timely or tardily filed. The Rules governing time limits for filing proofs of claims will continue to apply under section 405(d) of the bill." H.R.Rep. No. 595, 95th

Cong., 1st Sess. 351, *reprinted in* 1978 *U.S.Code Cong. & Ad.News* 5787, 5963, 6307. Bankruptcy Rule 3002, in pertinent part, provides:

(a) *Necessity for Filing.* An unsecured creditor or an equity security holder must file a proof of claim or interest in accordance with this rule for the claim or interest to be allowed....

.　　.　　.　　.　　.

(c) *Time for Filing.* In a chapter 7 liquidation ... case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows:

.　　.　　.　　.　　.

(3) An unsecured claim which arises in favor of a person or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that person or denies or avoids the person's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.[1]

The trustee asserts, in reliance upon Rule 3002(c)(3), that Mercik was required to file its proof of claim within thirty days after it returned the money to the estate for the claim to be considered as timely filed.[2] Mercik argues that because it voluntarily returned the alleged preferential payment, there was no final judgment in the matter. Accordingly, Mercik reasons, because Rule 3002(c)(3) sets a thirty-day bar date only for claims based on judgments, there is no bar date that applies to its claim, and its claim may be treated as timely filed as long as the estate remains open.

Mercik's position cannot be sustained. The thirty-day period in Rule 3002(c)(3) is applicable to Mercik's claim. Admittedly, the language of the rule seemingly encompasses only claims that arise as a result of judgments. But a review and analysis of the present and prior bankruptcy statutes reveals that the restrictive language of Rule 3002(c)(3) is the result of an obvious oversight and inadvertence. The Bankruptcy Statute of 1898 (the 1898 Act) was the predecessor bankruptcy law to the Bankruptcy Code. Section 57(n) of the 1898 Act set out the time limitations for filing proofs of claim, and, in the portion relevant to this proceeding, stated as follows:

*And provided further,* That a claim arising in favor of a person by reason of the recovery by the trustee from such person of money or property, or the

1. Bankruptcy Rule 3002, as part of the current Bankruptcy Rules, became effective August 1, 1983. The Supreme Court Order which accompanied these rules stated that "[T]he Bankruptcy Rules shall take effect on August 1, 1983, and shall be applicable to proceedings then pending, except to the extent that in the opinion of the court their application in a pending proceeding would not be feasible or would work injustice, in which event the former procedure applies." Order of the Supreme Court Adopting Rules of Bankruptcy Procedure, 461 U.S. 975 (1983).

Section 405(d) of the Bankruptcy Code provides:

(d) The Rules prescribed under section 2075 of title 28 of the United States Code and in effect on September 30, 1979, shall apply to cases under title 11, to the extent not inconsistent with the amendments made by this Act, or with this Act, until such rules are repealed or superseded by rules prescribed and effective under such section, as amended by section 248 of this Act.

Former Bankruptcy Rule 302(e), in effect at the commencement of this case, provided for a six-month period from the date of the creditors' meeting for filing of proofs of claim, rather than the present ninety-day period, but in other respects was not materially different from current Rule 3002(c).

2. Section 726(a)(3) of the Bankruptcy Code provides, with exceptions not applicable here, that tardily-filed claims shall be paid only after timely-filed claims have been paid, if funds exist. In this case, if Mercik's claim is not treated as timely, all holders of allowed unsecured claims will receive payment in full of their claims, and there will be a surplus available to pay seventy percent of Mercik's claim. If Mercik's claim is treated as timely, then all holders of allowed unsecured claims, including Mercik, will receive ninety-three percent of their claims.

avoidance by the trustee of a lien held by such person, may be filed within thirty days from the date of such recovery or avoidance, but if the recovery is by way of a proceeding in which a final judgment has been entered against such person, the claim shall not be allowed if the money is not paid or the property is not delivered to the trustee within thirty days from the date of the rendering of such final judgment, or within such further time as the court may allow.

The language of § 57(n) created some confusion as to the bar date for filing claims that arose as a result of a judgment. To address this problem, former Bankr.R. 302(e)(3) was promulgated, providing that:

(3) A claim which arises in favor of a person or becomes allowable because of a judgment for the recovery of money or property from such person or because of a judgment denying or avoiding a person's interest in property may be filed within 30 days after such judgment becomes final, but if the judgment imposes a liability which is not satisfied, or a duty which is not performed, within such period or such further time as the court may permit, the claim shall not be allowed.

Rule 302(e)(3) supplemented and clarified § 57(n) only with respect to claims arising as a result of judgments.[3] As no clarification was considered necessary with respect to the filing of claims arising from other recoveries not based on a judgment, former Rule 302(e)(3) did not address the filing of such claims.

The Bankruptcy Code contains no time provisions analogous to § 57(n) of the 1898 Act. As previously noted, p. 3 *supra*, Congress intended the specification of time limitations for filing proofs of claim to be completely addressed by the Rules. *See*

*also* H.R.Rep. No. 595, 95th Cong., 1st Sess. 295 ¶ 66, *reprinted in* 1978 *U.S.Code Cong. & Ad.News* 5963, 6252. In the current rules, Rule 3002(c)(3) must govern the filing of all claims arising postpetition as a result of recoveries by the trustee, as no section of the Bankruptcy Code addresses the matter. Rule 3002(c)(3) is essentially identical to former Rule 302(e)(3), which, as shown, was intended only to clarify a portion of § 57(n). Apparently as a result of the rule drafters closely following the language of Rule 302(e)(3), the time limit for the filing of a claim such as Mercik's, which was addressed in the 1898 Act, is not specifically covered under either the Bankruptcy Code or the current Rules.

■ If there were any plausible reason for this omission, I would consider it deliberate, and restrict the applicability of Rule 3002(c)(3) to claims arising as a result of a judgment. But I do not believe this could have been the intent of Congress in promulgating the current Rules. To interpret the provision in this way would result in either disallowance of any claim arising from the voluntary return of a voidable payment, if the claim arises after the ninety-day bar date of Rule 3002(c), or having no bar date applicable to such claim at all. Neither makes any sense. On the one hand, those persons complying with the trustee's demand would be penalized for not forcing litigation, and on the other hand, if there were no bar date, the clear Congressional intent to have the Rules set times for the filing of all claims would be violated. There is authority in this circuit that courts should not blindly follow the literal meaning of a statute without regard to the obvious intention of Congress if an absurd result is created. *NYSHESC v.*

---

**3.** "Although the claim of a secured creditor against the bankrupt may have arisen before bankruptcy, a judgment avoiding his security may make his claim allowable for the first time after the time for filing claims generally has expired. In according the creditor in such a case a right to file his claim 30 days after the judgment against him becomes final, clause (3) of the subdivision clarifies the applicability of this exception from the 6-month limitation to a

situation entirely within the ambit of the purpose of the third proviso of § 57n, from which the clause is derived. A judgment does not become final for the purpose of starting the 30-day period provided for by clause (3) until the time for appeal has expired or, if an appeal is taken, until the appeal has been disposed of." Advisory Committee Note to former Bankr.R. 302.

*Adamo (In re Adamo),* 619 F.2d 216, 219 (2d Cir.), *cert. denied,* 449 U.S. 843, 101 S.Ct. 125, 66 L.Ed.2d 52 (1980). "The result of an obvious mistake should not be enforced, particularly when it 'overrides common sense and evident statutory purpose'." 619 F.2d at 222 (citations omitted). Rule 3002(c)(3) must be read to encompass claims arising from all recoveries by the trustee, not just those claims arising as a result of a judgment. The sensible solution is to hold that all claims must be filed within thirty days from the date of recovery by the trustee. The fact that neither party, nor the court, has located any case law on this issue published during all the years since the Bankruptcy Code became effective may well indicate that parties who hold claims as a result of a trustee's recovery from them routinely file their claims within thirty days of such recovery.

In this case, Mercik paid the trustee on February 25, 1984, and did not file its claim until August 9, 1984. As a result, its claim must be held to be tardily filed. It is

SO ORDERED.