**In The Matter of Charles ADAMS, d/b/a Adams Mobil, Debtor.**

**Bankruptcy No. 2–85–00747.**

United States Bankruptcy Court, D. Connecticut.

Aug. 26, 1987.

Gilbert L. Rosenbaum, Hartford, Conn., Trustee.

Lois J. Lawrence, Lochiatto & Lawrence, Mystic, Conn., for claimant, Mystic Oil Co.

## MEMORANDUM OF DECISION ON OBJECTION TO CLAIM

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

The question presented in this proceeding is whether a creditor who has actually filed a proof of claim in a chapter 11 case

must refile its claim when that case is converted to one under chapter 13.

## II.

Charles Adams, doing business as Adams Mobil, commenced a chapter 11 case on September 5, 1985. At the debtor's request, the court, on October 30, 1986, converted the case to one under chapter 13. The clerk of the court, pursuant to Bankr.R. 2002(a) and 2002(f), sent a notice on November 14, 1986 setting a date for a meeting of creditors and advising creditors of the conversion. The notice also contained the following statement: "Creditors: File your claims *NOW*. Claims not filed by claims bar date generally are not allowed. Bar date is March 9, 1987."

Mystic Oil Company, Inc. (Mystic), a creditor who had filed a proof of claim during the chapter 11 case, did not refile its claim after receiving the November 14, 1986 notice. The debtor's confirmed chapter 13 plan provides for semi-monthly payments of $228.00 over a period of sixty months. The trustee objects to the Mystic claim being considered an allowed claim because the claim was not refiled by March 9, 1987.

Bankr.R. 1019(4) of the 1983 Rules, as amended, expressly provides that claims actually filed in a chapter 11 or 13 case later converted to a chapter 7 case "shall be deemed filed in the chapter 7 case." [1] The trustee argues no similar rule currently exists for actually filed claims in a chapter 11 case subsequently converted to a chapter 13 case. He relies on Rule 3002(a), which states that "[a]n unsecured creditor ... must file a proof of claim ... to be allowed, except as provided in Rule [ ] 1019(4)...."

## III.

Based on the analysis in *In re Mul Corp.*, 60 B.R. 636, 639–40 (Bankr.D.Conn. 1986), concerning application of the Bankruptcy Rules to situations not expressly covered by these rules, I conclude that refiling of claims is not required in the present instance. Former Bankr.R. 13–302(f) (1973), promulgated prior to the enactment of the Bankruptcy Reform Act of 1978, provided that in the instance of a case converted to chapter XIII, "all claims filed in the superseded bankruptcy case shall be deemed filed in the Chapter XIII case...." The failure to reenact this rule in the 1983 Rules revision is most likely the result of inadvertence. The common sense approach of the rules generally to reduce unnecessary claim filing, as indicated in Rule 1019(4), should apply to cases converted to chapter 13 as well as to chapter 7. I can conceive of no plausible purpose to require additional claim filings in chapter 13 cases. Accordingly, I hold that claims actually filed in the superseded chapter 11 case need not be refiled in the subsequent chapter 13 case in order to be allowed.

## IV.

The trustee's objection to the claim of Mystic Oil Company, Inc., as well as his objections to all other claims actually filed during the chapter 11 case, are overruled. It is

SO ORDERED.

---

**1.** Bankr.R. 1019(4), as it presently reads, became effective August 1, 1987. The Supreme Court Order which accompanied the rule amendments stated "[t]hat the foregoing changes in the Bankruptcy Rules shall take effect on August 1, 1987 and shall govern all proceedings in bankruptcy cases thereafter commenced and, insofar as just and practicable, all proceedings in bankruptcy cases then pending." Order of the Supreme Court, March 30, 1987, 55 U.S.L.W. 4417 (U.S. April 7, 1987).