## In re INTERNATIONAL DIAMOND EXCHANGE JEWELERS, INC. dba Diamond Showcase, Debtor.

### Bankruptcy No. 3–92–00150.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Oct. 25, 1995.

## DECISION ON ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DISALLOWING CITRA'S PROOF OF CLAIM DATED APRIL 17, 1995.

THOMAS F. WALDRON, Bankruptcy Judge.

### JURISDICTIONAL STATEMENT

This proceeding, which arises under 28 U.S.C. § 1334(b) in a case referred to this court by the Standing Order of Reference entered in this district on July 30, 1984, is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B)—allowance or disallowance of claims against the estate.

The issue for decision arises from the objection filed by the Chapter 11 plan trustee to an unsecured creditor's proof of claim as being not timely filed. As a result of the unsecured creditor's failure to file any response to the trustee's objection, this court entered an order disallowing the proof of claim in question. Pursuant to Bankruptcy Rule 3008, the unsecured creditor filed a motion requesting the court to reconsider its order disallowing the proof of claim.

The issue for decision is whether the court should vacate its prior order disallowing the proof of claim filed by an unsecured creditor, whose claim became allowable as a result of a judgment, when the proof of claim was filed beyond the thirty (30) day time period afforded for the filing of such claims by the provisions of Bankruptcy Rule 3002(c)(3). For the reasons that follow, the court determines that there is no cause to vacate its prior order disallowing the unsecured creditor's proof of claim.

### FACTS

International Diamond Exchange Jewelers, Inc. (the "Debtor") filed a petition for bankruptcy relief under Chapter 11 of the United States Bankruptcy Code on January 10, 1992 initiating Case No. 92–00150. Citra Trading Corporation ("Citra") filed a proof of claim in Case No. 92–00150 claiming an unsecured amount of $33,583.25 on January 13, 1992. On January 5, 1994, the chapter 11 plan trustee, David M. Whittaker (the "Trustee") filed an adversary complaint to avoid preferential transfers pursuant to 11 U.S.C. § 547(b) (the "Preference Adversary"). Citra was named as a defendant in Adversary No. 94–0524 and filed an answer (Doc 3–1), as well as a supplemental answer (Doc 13–1) in the Preference Adversary.

This court rendered a decision in favor of the Debtor (Doc 20–1) and entered judgment (the "Judgment") in the amount of $11,000 plus interest and costs on January 19, 1995 (Doc 21–1). The Trustee agreed to enter a satisfaction of the Judgment in exchange for Citra's payment of $10,000. Citra issued a check in the compromise amount of $10,000 on February 1, 1995. A satisfaction of judgment was filed in the Preference Adversary by the Trustee on February 13, 1995 (Doc 22–1).

Citra filed what it characterized as an "Amended Proof of Claim" in the amount of $43,583.25 [1] on April 17, 1995 (the "April 1995

---

1. The Trustee only objects to the proposed increase of the Citra claim by the $10,000 amount.

Proof of Claim"), based upon Citra's compromise payment of the Judgement in the Preference Adversary. The Trustee filed an objection (the "Trustee's Objection") to Citra's "April 1995 Proof of Claim" (Doc 359–1) on May 4, 1995. The Trustee's Objection recommended that Citra's "April 1995 Proof of Claim" be disallowed pursuant to Bankruptcy Rule 3002(c)(3) on the grounds that it was not filed within thirty (30) days of the date the Judgment granted against Citra in the Preference Adversary became final. No response to the Trustee's Objection was filed by Citra. As a result, the court entered an "Order Disallowing Amended Proof of Claim of Citra Trading Corp." (Doc 361–1) on June 12, 1995.

Pursuant to Bankruptcy Rule 3008, Citra filed a "Motion for Reconsideration" (Doc 362–1) on June 21, 1995, requesting the court reconsider its "Order Disallowing Amended Proof of Claim of Citra Trading Corp". As grounds for its Motion for Reconsideration, Citra asserted that the Trustee's Objection did not comply with the provisions of Bankruptcy Rule 3007 which govern objections to claims.[2] Specifically, Citra pointed out that "a copy of the objection with notice of the hearing thereon" was not "mailed or otherwise delivered to the claimant ... at least 30 days prior to the hearing."

On June 26, 1995, the Trustee filed a "Memorandum in Opposition to Motion for Reconsideration" (Doc 363–1), in which it is conceded that the Trustee's Objection did not contain notice of a hearing on the objection. Instead, the Trustee's Memorandum emphasized that Citra's experienced bankruptcy counsel received the Trustee's Objection, but did not file any response or request a hearing. The Trustee's "Memorandum in Opposition to Motion for Reconsideration" also pointed out that Local Bankruptcy Rule 5.6(d) specifies that a claimant that fails to file a response to an objection within thirty

(30) days is deemed to have waived any objection and instructs the moving party to submit a proposed order granting the relief requested.

A "Response of Citra Trading Corp to Memorandum in Opposition to Motion for Reconsideration of Citra" (Doc 365–1) ("Citra's Response") was filed on July 5, 1995. Citra's Response reiterated its argument that the Trustee's Objection did not request a hearing as directed by Bankruptcy Rule 3007 and, in addition, asserted that it did not comply with Local Bankruptcy Rule 5.6(b). Citra's Response also asserted that the Trustee "knew that Citra's claim would include any payment pursuant to the Order entered in the Adversary"; and, that a hearing held as required by B.R. 3007 "would have shown that the amendment was valid."

On July 14, 1995, the Trustee and Citra participated in a scheduled telephone conference with this court to determine procedures for the resolution of the issues arising from the foregoing filings. In the course of the telephone conference, the court inquired whether either party wished to have an opportunity to present witnesses and other evidence at a court hearing. Both parties specifically stated that no evidentiary hearing was required and the issues were capable of resolution by this court based on memoranda already filed, together with post-conference memoranda to be submitted. Accordingly, the court entered an order (Doc. 367–1) which provided in part:

> Further, in accordance with the telephone conference held, the parties agreed that no evidentiary hearing is required and that the issues presented may be resolved solely as matters of law.

> The parties further agreed that the filings in this case established the following undisputed facts: Citra's previously filed

---

The Trustee's Objection to the "Amended Proof of Claim" does not deny Citra's claim in its entirety, but limits the amount of the claim to $33,583.25, the amount of Citra's timely filed proof of claim.

2. Rule 3007 provides:

An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.

proof of claim remains allowed. Although the court previously entered an order disallowing Citra's amended proof of claim in the sum of $43,583.25 (Doc. 360–1) if an amended proof of claim is allowed, the total allowed claim of Citra will increase by $10,000.00. The court's Order Granting Motion Of Chapter 11 Plan Trustee For Summary Judgment As To Issues Pertaining To 11 U.S.C. § 547(b) (Doc. 15–1) was entered on January 19, 1995, Adversary No. 94–052 (Doc. 21–1). The ten (10) day period following January 19, 1995 ended on January 30, 1995. Although counsel for Citra will attach a time stamped copy of the amended proof of claim to the initial memorandum filed in this proceeding, unless a different date is established by that filing, the amended proof of claim was filed on April 17, 1995.

Accordingly, counsel for the plan trustee and counsel for Citra shall, **not later than August 14, 1995,** file memoranda in support of their respective positions on all issues in this proceeding. Any reply memoranda shall be filed **not later than August 21, 1995.**

Without restricting counsels' presentation of argument, and without determining the issues presented by counsels' arguments concerning the applicable Local Bankruptcy Rules, the court suggests that counsel give attention to arguments under the applicable provision of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

In compliance with the court's July 17, 1995 Order (Doc 367–1), the Trustee filed a "Memorandum of Law on Issues Relating to Amended Proof of Claim of Citra Trading Corp" (Doc 368–1) on August 11, 1995. Citra filed two (2) documents, a "Memorandum of Position of Citra Trading Corp. Regarding Allowance of Amended Claim" dated August 14, 1995 (Doc 369–1), followed by "Defendant, Citra Trading Corp.'s Response to Memorandum of Law of Trustee to Issues Relating to Amended Proof of Claim of Citra Trading Corp." dated August 21, 1995 (Doc 370–1).

## DISCUSSION

The court has been requested, pursuant to Bankruptcy Rule 3008, to reconsider its "Order Disallowing Amended Proof of Claim of Citra Trading Corp" (Doc 361–1). In connection with the court's reconsideration, the parties have been afforded the opportunity for an evidentiary hearing. Both parties have declined, and instead have stipulated that the matter is capable of resolution based upon the undisputed facts in the record. Although each party has asserted that a failure to comply with the applicable federal or local bankruptcy rules is a matter of significance in this proceeding, the court does not find it necessary to individually identify or discuss procedural deficiencies on the part of both parties, or the consequences of such deficiencies.

Both parties have failed, in some respect, to comply with the provisions of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") or the local bankruptcy rules governing objections to proofs of claim, but none of the procedural deficiencies impact the court's decision that the "April 1995 Proof of Claim" filed by Citra was appropriately disallowed.

Given the procedural history of this case, the court reaches its conclusion by focusing on the substantive merits of the positions of each party. In essence, the court has ignored the "rules compliance" arguments asserted by each party, and, additionally, has not accorded weight to its own prior "Order Disallowing Amended Proof of Claim of Citra Trading Corp." (Doc 361–1). Instead, the court has focused on whether Citra's "April 1995 Proof of Claim" should be allowed or disallowed as if the issue were being presented for the first time. That noted, the court observes that attorneys practicing in bankruptcy court are charged with knowledge of the national and local bankruptcy rules. Failure to comply with the applicable rules can have dire consequences, particularly when the local rules amplify the provisions of the national rules concerning filing and hearing provisions. *In re Auto Specialties Mfg. Co.*, 133 B.R. 384, 391–92 (Bankr.W.D.Mich. 1991).

The proof of claim in question is denominated as "Amended", however the court notes that the filing is not an amendment of Citra's January 13, 1992 timely filed proof of a pre-petition claim. Citra's "April 1995 Proof of Claim" arises post-petition as a result of a recovery by the Trustee. As discussed in greater detail, this opportunity to increase the allowed amount of Citra's unsecured claim is specifically governed by the provisions of Bankruptcy Rule 3002(c)(3).

To resolve this issue, the court employs the "agreed upon methodology" of statutory interpretation of the Bankruptcy Code established by the United States Supreme Court. As repeatedly directed in a series of bankruptcy cases, the court begins its analysis with the words approved by Congress. See *Patterson v. Shumate*, 504 U.S. 753, 758, 112 S.Ct. 2242, 2246, 119 L.Ed.2d 519 (1992); *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 557, 110 S.Ct. 2126, 2130, 109 L.Ed.2d 588 (1990) ("the fundamental canon [of] statutory interpretation begins with the language of the statute itself."); *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992) ("[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

In this case, the provision under consideration is Bankruptcy Rule 3002(c)(3) which provides:

> An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.

Although the language at issue is found in the Bankruptcy Rules and not the Bankruptcy Code, the Supreme Court has applied the same plain meaning analysis to both. The Supreme Court affirmed the sanctity and importance of the time limitations for filings imposed by the Bankruptcy Rules in *Taylor*

*v. Freeland & Kronz*, 503 U.S. 638, 642–46, 112 S.Ct. 1644, 1648–49, 118 L.Ed.2d 280 (1992) and remarked that "[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." In *Taylor*, the Supreme Court held that a trustee could not contest the validity of a claimed exemption after the 30–day period set forth in Bankruptcy Rule 4003(b) had expired, even though the debtor had no colorable basis for claiming the exemption. Recognizing that the statute in question, 11 U.S.C. § 522(1), did not specify the time for objection to a claimed exemption, the *Taylor* court turned to the Bankruptcy Rules and noted that Rule 4003(b) provided:

> The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) ... unless, within such period, further time is granted by the court.

Because the trustee did not file an objection to the exemption claimed by the debtor within the 30 day period afforded by Bankruptcy Rule 4003(b), the Supreme Court concluded the trustee's untimely filed exemption must be denied. The analysis employed in *Taylor* serves as a source of guidance for the analysis of the issue in this proceeding.

Chapter 5 of the Bankruptcy Code governs the filing and allowance of claims and is applicable to all cases filed under Chapters 7, 11, 12, and 13. 11 U.S.C. § 103(a). Section 501 creates the substantive right to file a claim and identifies the parties holding that right. Section 502 states that a claim filed in accordance with § 501 is allowed unless a party in interest objects.

The correct interpretation of § 501 and § 502, and their interplay with Bankruptcy Rule 3002, was recently described by the Sixth Circuit when it stated:

> ... Rule 3002 designates when a claim is timely filed (i.e., § 501 incorporates Rule 3002); and, because § 501 incorporates Rule 3002, and because § 502 presupposes compliance with § 501, compliance with Rule 3002 (i.e. timeliness) is a prerequisite to § 502 allowance. The Bankruptcy

Code's legislative history supports this result. Indeed, Congress anticipated that the Rules of Bankruptcy Procedure would set the time limits, the form, and the procedure for filing claims.

*Chavis,* 47 F.3d 818, 823 (6th Cir.1995).[3]

In general, Bankruptcy Rule 3002 governs the filing of proofs of claim by unsecured creditors in Chapter 7, 12, and 13 Bankruptcy proceedings, while Bankruptcy Rule 3003 governs the filing of proofs of claim in Chapter 9 and 11 reorganization cases; however, the provisions of subsection 3002(c)(3) are specifically made applicable to Chapter 11 cases by Bankruptcy Rule 3003(c)(3). The provisions of Bankruptcy Rule 3002(c)(3) govern the filing of all claims arising post-petition as a result of a recovery by the trustee.

The conclusion that the "April 1995 Proof of Claim" was properly disallowed as untimely receives support from the *Taylor* decision in yet another respect. As previously stated, Bankruptcy Rule 4003(b), which was at issue in *Taylor,* provides that, "[t]he trustee or any creditor *may* file objections to the· list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors ...". Despite the use of the word "may", as opposed to the word "shall", the Supreme Court concluded that the validity of a claimed exemption could not be contested after the expiration of the 30 day period. Likewise, Bankruptcy Rule 3002(c)(3) provides that "[a]n unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment *may* be filed within 30 days after the judgment becomes final ...". Guided, as we are, by the Supreme Court's methodology, the court notes that its prior decision to disallow Citra's "April 1995 Proof of Claim" is the result required by the language of the applicable rule. Thirty days means thirty days.

Not only is the court guided by the analysis employed by the Supreme Court in *Taylor,* but it also finds significant the factual circumstances which gave rise to Citra's "April 1995 Proof of Claim". Citra was an active participant in the Preference Adversary instituted by the Trustee and actually satisfied the Judgment entered against it by remitting a check in the compromise amount of $10,000 shortly thereafter. It is noteworthy that Citra remained represented by the same attorney throughout these entire proceedings. The same attorney who filed the original proof of claim also litigated the Preference Adversary and participated in the satisfaction of the Judgment. In such circumstances, the failure to comply with Bankruptcy Rule 3002(c)(3)'s requirements to timely file a claim for the increased amount must result in disallowance of the increased amount.

Although there is a notable absence of reported decisions construing Bankruptcy Rule 3002(c)(3), the decision to disallow Citra's "April 1995 Proof of Claim," is also consistent with a 1986 bankruptcy court decision, which concludes with an appropriate observation concerning this rule:

> The fact that neither party, nor the court, has located any case law on this issue published during all the years since the Bankruptcy Code became effective may well indicate that parties who hold claims as a result of a trustee's recovery from them routinely file their claims within thirty days of such recovery.

*Matter of Mul Corporation,* 60 B.R. 636 (Bankr.D.Conn.1986).

Accordingly, because of the failure to comply with the time limits contained in Bankruptcy Rule 3002(c)(3), the court properly denied allowance of Citra's "April 1995 Proof of Claim" and DENIES Citra's motion for reconsideration.

**SO ORDERED.**

---

**3.** This action, like the *Chavis* case, is controlled by the Bankruptcy Code in effect prior to the Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, § 213, 108 Stat. 4106 (1994), because the provision is not retroactive. Nevertheless, the 1994 amendments reveal Congress' intent to demand that claims be timely filed by adding subsection (9) to the enumerated grounds for disallowance of claims in 11 U.S.C. § 502(b). With certain exceptions, subsection (9) provides that a claim shall be disallowed where proof of such claim is not timely filed.