**In re BENDER READY MIX, INC., Debtor.**

**Bankruptcy No. 94–11657 B.**

United States Bankruptcy Court, W.D. New York.

Oct. 15, 1998.

Hodgson, Russ, Andrews, Woods & Goodyear (Peter A. Muth, of Counsel,) Buffalo, NY, for Claimant.

Zdarsky, Sawicki & Agostinelli, (Mark J. Schlant, of Counsel,) Buffalo, NY, for Trustee.

CARL L. BUCKI, Bankruptcy Judge.

Virtually on the eve of the trustee's final distribution in this Chapter 7 proceeding, Leo P. Lefort moved for the allowance of a

supplemental claim which arose as the result of his settlement of an adversary proceeding to recover a preference. In response, the trustee urges the Court to disallow Lefort's claim, due to the lateness of its submission.

Bender Ready Mix, Inc., filed a petition for relief under Chapter 7 of the Bankruptcy Code on June 6, 1994. Until the date of filing, Leo P. Lefort had served as president of the debtor corporation. Mr. Lefort timely filed an initial proof of claim on October 31, 1994. Thereafter, in 1996, the Chapter 7 trustee commenced three adversary proceedings against Lefort to recover allegedly preferential payments. After some litigation, Lefort and the trustee reached a settlement whereby Lefort agreed to pay $100,000 in full satisfaction of the trustee's claims. Upon the trustee's motion on notice to all creditors, this Court approved the settlement by order dated February 20, 1997. However, that order contained no provision regarding Lefort's right to file a proof of claim.

Lefort asserts that he intended to amend his original proof of claim to add a demand for the $100,000 that he paid pursuant to his settlement of the adversary proceedings. His counsel prepared the necessary form on or about April 15, 1997, but for reasons unknown, the Clerk of this Court did not receive the claim. The trustee acknowledges that he received a copy in his office at approximately the same time that it was prepared. Nonetheless, because the proof of claim was never delivered to the Bankruptcy Clerk, the Clerk never included it in his register of claims. Working from that register, the trustee prepared his final report without consideration of the supplemental claim.

Lefort's original proof of claim sought to recover the sum of $120,121.80. Included in this amount were purported loans totaling $81,000, as well as a claim for undistributed employment bonuses of $39,121.80. Alleging that the loans represented contributions to capital, the trustee filed a motion on February 3, 1997, to disallow that portion of the claim. After a hearing on due notice to Lefort and his counsel, the Court sustained this objection and by Order dated May 6, 1997, reduced his claim to the amount of undistributed bonuses. Then, on August 26, 1997, the Court approved a further compromise that allowed the bonuses for one-half of the amount claimed. Unfortunately, the papers filed in connection with this compromise again made no reference to Lefort's supplemental claim.

Sometime after submission of the trustee's final report but before the trustee's distribution of estate assets, Lefort's counsel learned that the final report made no provision for the supplemental claim of $100,000. Accordingly, Lefort served the present motion to allow this claim as a timely amendment of his earlier proof of claim. The trustee responds that because the Clerk had already noticed his final report, it is now too late to file an additional claim. The trustee further asserts that even if Lefort had filed the claim as intended on April 15, 1997, such claim would be untimely under Bankruptcy Rule 3002(c)(3). Nor, in the trustee's view, is Lefort's supplemental claim an amendment of his previous filing, such as to relate back to the date of that original claim. For the reasons stated hereafter, the Court will overrule the trustee's objections and direct the allowance of Lefort's supplemental claim.

Lefort's primary argument is that his supplemental claim is properly in the nature of an amendment to his original proof of claim. He contends that because the original proof of claim was timely, the timeliness of a proper amendment will relate back to the earlier date of filing. Although the logic of this position is correct, it presumes that the supplemental claim is a proper amendment. As to the validity of this presumption, at least some courts disagree. *See, e.g., In re International Diamond Exchange Jewelers, Inc.,* 188 B.R. 386 (Bankr.S.D.Ohio 1995) (holding that a claim based upon the return of a preference is necessarily different from other pre-petition claims, and therefore not an amendment of any such prior claim). We need not consider the characteristics of an amendment, however, because in the present instance, the supplemental claim was itself filed in a timely fashion.

Section 726(a) of the Bankruptcy Code essentially provides that after payment of priority claims, the trustee in a chapter 7

proceeding shall distribute property of the estate to those unsecured creditors who have timely filed a proof of claim. Bankruptcy Rule 3002 confirms that with certain exceptions not here relevant, the Court is to allow only those claims for which proofs of claim are filed. In the present instance, the Clerk of this Court set October 31, 1994, as the last day for filing proofs of claim, and Leo Lefort filed his initial claim on that date. Because the preference litigation settled in 1997, Lefort's original proof of claim properly did not include any demand for the moneys that he would later pay under terms of the settlement. The trustee contends that Bankruptcy Rule 3002(c)(3) governs this circumstance and requires that Lefort file any supplemental claims within thirty days of his payment of the settlement amount to the trustee.

■ Bankruptcy Rule 3002(c)(3) provides as follows:

> An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.

In the view of this Court, Rule 3002(c)(3) has application only to instances in which the claim arises from a final judgment. By its very language, the rule says nothing about claims for reimbursement of moneys paid through settlements that do not entail the entry of a judgment. Because Lefort voluntarily made payment of $100,000 to the trustee pursuant to the terms of their settlement stipulation, and because that settlement averted the need for a judgment against Lefort, the Bankruptcy Rules simply impose no limit for the timely filing of a supplemental proof of claim.

This Court respectfully disagrees with the decision in *Matter of Mul Corporation,* 60 B.R. 636 (Bankr.D.Conn.1986), which held that Rule 3002(c)(3) requires the filing of a

proof of claim within 30 days of the payment of any preference settlement. In that decision, the court acknowledged that "the language of the rule seemingly encompasses only claims that arise as a result of judgments." *Id.* at 638. Finding such restrictive language to be "the result of an obvious oversight and inadvertence," *id.* at 638, the judge inferred a Congressional intent to extend the time limits of Rule 3002(c)(3) to all recoveries by the trustee. He concluded, however, that "[i]f there were any plausible reason for this omission, [he] would consider it deliberate, and restrict the applicability of Rule 3002(c)(3) to claims arising as a result of a judgment." *Id.* at 639.

The limited scope of Bankruptcy Rule 3002(c)(3) is readily explained by the distinctive nature of a settlement recovery. Unlike the entry of an involuntary judgment, a settlement necessarily entails some event of agreement between trustee and defendant. In the context of reaching such agreement, the trustee enjoys adequate opportunity either to address the allowance of claims as part of a global resolution, or at least to establish a framework for presentment of claims within a specified limit of time.

The second sentence of Rule 3002(c)(3) serves to highlight the purpose for the special treatment of claims arising as a result of a judgment. The mere entry of judgment supplies no assurance of the trustee's recovery. Until a defendant satisfies its liability to return a preferential payment, that defendant has no basis to recover a claim back against the estate. In the absence of an extension of time, the second sentence of Rule 3002(c)(3) requires disallowance of such a claim unless the preference judgment is satisfied within thirty days after the judgment becomes final. Thus, Rule 3002(c)(3) links timely payment of a preference judgment to both the assertion and allowance of the defendant's claim back against the estate. In contrast, when the trustee receives a settlement, he thereby knows immediately the value of the creditor's claim against the estate.

■ Considerations of fairness support the goal of assuring that all allowable and

timely claims share in the distribution of estate assets. While the need for efficient administration may at times require the enforcement of time limitations on the filing of claims, such concerns should not unduly preempt the system's fundamental concern for fairness. Unless a time limit is clearly expressed, this Court will not read into the Bankruptcy Rules a restriction that can at most only be inferred. In the present context in which no distribution has yet occurred, such a result imposes no excessive hardship upon the trustee. Having received Lefort's payment, the trustee knew of the potential for his claim, and could easily have asked the Court to establish a specific bar date for its assertion.

The Court will, therefore, accept Lefort's supplemental claim as timely. Lefort paid the sum of $100,000 to settle causes of action that were based solely upon allegations of preferential payment. Such return of a preference gives rise to a claim back against the estate. To the extent that the trustee identifies any other basis to challenge its allowance, he may now file appropriate objection. Otherwise, he should proceed to amend his final report to reflect Lefort's claim and to request an allowance for any expenses related to the present motion.

So ordered.